# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>                                                      )<br>                         **Plaintiff,**   )<br>                                                      )<br>**v.**                                                ) <br>                                                      )<br>**KELLY E. QUEENAN,**               )<br>                                                      )<br>                         **Defendant.**  )<br>_____ ) | Case No. 05-9375-M-001 |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's "motion to correct sentence" pursuant to Fed. R. Crim. P. 35(a). (Doc. 7). The following background provides context for the motion.

### Background

After her conviction under 18 U.S.C. § 13 and K.S.A. § 8-1567 for driving under the influence of alcohol at Fort Riley, Kansas, a federal military installation, defendant appeared for sentencing on June 12, 2007. Following arguments by counsel, the court considered a sentence of 5-days home detention. However, a probation officer in attendance advised the court that Kansas law required that defendant serve 48 hours *in jail*. Thereafter, the court

sentenced defendant to 48 hours in jail followed by 3-days home detention.[1]

## Defendant's Motion

Defendant moves to correct her sentence, arguing that the law permits the 48 hours to be served by way of a substitute sentence of home detention. The government counters that defendant's sentence is correct as the law requires the court to impose a *custody* sentence of 48 hours. The parties' arguments are discussed in greater detail below.

## Analysis

K.S.A. § 8-1567 is assimilated under the Assimilative Crime Act (ACA), 18 U.S.C. § 13, and makes a first conviction for driving under the influence of alcohol a class B misdemeanor. "The purpose of the Assimilative Crime Act is to provide a method of punishing a crime committed on government reservations in the way and to the extent that it would have been punishable if committed within the surrounding jurisdiction." United States v. Sain, 795 F.2d 888, 890 (10th Cir. 1986). Under the ACA, "the sentence imposed may not exceed any maximum sentence and may not fall below any mandatory minimum sentence that is required under the law of the state in which the crimes occur." United States v. Garcia, 893 F. 2d 250 (10th Cir. 1989).

K.S.A. § 8-1567(d) provides the following penalty for the first conviction of driving

---

[1] The formal journal entry of judgment was deferred filed pending resolution of this sentencing dispute.

under the influence:

> Upon a first conviction, a person shall be ... sentenced to not less than 48 consecutive hours nor more than six months' imprisonment, *or in the court's discretion 100 hours of public service*, and fined not less than $500 nor more than $1,000. The person convicted must serve at least 48 consecutive hours' imprisonment or 100 hours of public service either before or as a condition of any grant of probation or suspension, reduction of sentence or parole. (emphasis added).

Notwithstanding the statutory requirement that the 48 hours be "consecutive hour's imprisonment," defendant argues that the court retains discretion to order that the time be served by a "substitute sentence of home detention." United States v. Clark, 361 F. Supp. 2d 502 (E.D. Va. 2005).

The government concedes that "federal courts are not required to follow those provisions of state law which go beyond establishing the elements of an offense and the range of punishment, or are inconsistent with federal policies expressed in federal statutes." Response, Doc. 8, p. 2 (citations omitted). However, the government argues that home detention is not "imprisonment" and that 48 hours *in jail* is required by the state statute and a correct sentence. See United States v. Thomas, 68 F.3d 392 (10th Cir. 1995).

Unfortunately, Thomas dealt with issues concerning a probation revocation and does not directly address the issue raised in this motion.[2] Clark supports defendant's argument, but the ruling from the Eastern District of Virginia is obviously not controlling authority.

---

[2]

Research reveals no Tenth Circuit decision directly on point. The Ninth Circuit recently issued an opinion supporting the government's position. United States v. Benz, 472 F. 3d 657 (9th Cir. 2006)(district court did not have discretion to impose alternative sentence to ten-day mandatory prison term).

However, the court need not resolve the legal dispute at this time because, after further review of the record and provisions of the statute, the court concludes that the alternative sentence provided for in K.S.A. §8-1567(d) of 100 hours of public service is a more appropriate punishment. Accordingly, defendant's sentence of 48 hours in jail and 3-days home confinement is modified to 100 hours of public service. The public service sentence shall be completed on or before **March 3, 2008.**

**IT IS THEREFORE ORDERED** that defendant's motion to correct sentence **(Doc. 7)** is **GRANTED** consistent with the ruling set forth herein.

**IT IS FURTHER ORDERED** that a journal entry of judgment shall be prepared by the U.S. Probation Office consistent with this order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 17th day of August 2007.

S/Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge